**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brennan James CALLAN,**
**Defendant–Appellant.**

No. 03–5747.

United States Court of Appeals,
Sixth Circuit.

April 13, 2004.

O'Ryan's actions constituted actionable retali-

Candace G. Hill, Terry M. Cushing, Asst. U.S. Attorneys, Louisville, KY, for Plaintiff–Appellee.

Brennan James Callan, pro se, Louisville, KY, for Defendant–Appellant.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

*ORDER*

This is an appeal from a district court judgment denying a motion to permit a federal inmate to be relieved from participating in the Inmate Financial Responsi-ation.

bility Program. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Brennan James Callan was found guilty by a jury of tampering with a vessel, in violation of 18 U.S.C. § 2275. A panel of this court affirmed Callan's conviction and sentence in all respects on direct appeal. *United States v. Callan,* 22 Fed.Appx. 434 (6th Cir.2001) (unpublished per curiam), *cert. denied,* 535 U.S. 1004, 122 S.Ct. 1577, 152 L.Ed.2d 496 (2002). Callan filed a motion in 2003 in which he sought an order directing the Federal Bureau of Prisons to remove Callan from the Bureau's Inmate Financial Responsibility Program ("IFRP"). The district court summarily denied the motion, and this appeal followed.

Callan was convicted of having deliberately tampered with a steamboat, the *Belle of Louisville,* causing her to sink on August 24, 1997. Callan's conviction carried a thirty-month term of imprisonment, a three-year period of supervised release, and an order of restitution. The court ordered Callan to pay restitution, due immediately under a payment plan, in the amount of $987,828.32. Callan's challenge to the propriety of this restitution order was considered and rejected on the merits on direct appeal.

On April 3, 2003, Callan filed a motion in the Western District of Kentucky, the district in which he is confined, styled as a "Motion for clerk to order the Federal Bureau of Prisons to remove Callan from IFRP." This motion contains Callan's representation that he "completed his quarterly payments for the $100 assessment fee" by sending this amount to the Clerk of Court for the Western District of Kentucky. Callan thus "seeks to be immediately removed from the Inmate Financial Responsibility Program (IFRP) due to his successful payment of the total assessment." The government responded in opposition, and the district court denied the motion in a summary order.

■ The district court's judgment must be affirmed. Callan's challenge to the constitutionality of his underlying conviction and sentence is not properly before this court. A federal prisoner seeking to raise a collateral challenge to the constitutionality of his conviction or sentence may do so only in a motion filed on the authority of 28 U.S.C. § 2255 or, if that remedy is inadequate, a motion under 28 U.S.C. § 2241. Callan's motion is not based on either of these statutes. Therefore, Callan may not re-visit the constitutionality of his conviction or sentence in these proceedings.

■ Callan claims, without any statutory or other jurisdictional basis, to be entitled to a district court order relieving him from participation in the IFRP without suffering any adverse consequence. The IFRP is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). The refusal by an inmate to comply with the provisions of his financial plan may result in up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R. § 545.11(d).

It is manifest that the crux of this appeal is Callan's dissatisfaction with the two

choices with which he has been presented in federal prison. As it now stands, Callan may either participate in the IFRP, in which case he faces the loss of an (apparently) unacceptable percentage of his prison wages to the restitution order, or he may be placed on "refusal" status, a designation that carries its own loss of privileges. Callan, nevertheless, seeks a third option, namely, federal court validation under the IFRP of his unilateral decision to pay his "complete assessment" into the federal court clerk's office.

The obstacle Callan must overcome on appeal, however, is the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons. Callan does not cite to any such authority in the body of his motion nor in his appellate brief despite the myriad of citations contained therein. What authority exists in this area supports the IFRP against general, and due process, challenges. *See, e.g., Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir.2002). Callan's motion did not present the district court with any discernable basis to assume subject matter jurisdiction and was properly dismissed. This appeal is meritless.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.